1

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

JIAXING SUPER LIGHTING ELECTRIC
APPLIANCE CO., LTD.,

Case No. 21-cv-08489-MMC

8

Plaintiff,

9

v.

ORDER GRANTING DEFENDANT
SIGNIFY HOLDING B.V.'S MOTION
TO DISMISS

10

11

JOHN BRUGGEMAN, et al.,

Defendants.

12

13          Before the Court is defendant Signify Holding B.V.'s ("Signify") "Motion to Dismiss

14   Pursuant to Rule 12(b)(6)," filed January 19, 2023, whereby Signify seeks dismissal of

15   one of the claims in the Second Amended Verified Complaint ("SAC"), the operative

16   pleading in the instant action.  Plaintiff Jiaxing Super Lighting Electric Appliance Co., Ltd.

17   ("Super Lighting") has filed opposition, to which Signify has replied.  Having read and

18   considered the papers filed in support of and in opposition to the motion, the Court rules

19   as follows.[1]

20          In the SAC, Super Lighting asserts a single cause of action against Signify for

21   "Actual and Constructive Fraudulent Transfer of Patents" under the Delaware Uniform

22   Fraudulent Transfer Act ("DUFTA") and California Uniform Voidable Transfer Act

23   ("CUVTA").  (See SAC ¶¶ 228-239.)  In particular, Super Lighting, in the Second Cause

24   of Action, alleges that Signify, by purchasing 37 patents ("the Patents") belonging to

25   debtor and nominal defendant Lunera Lighting, Inc. ("Lunera") for consideration that was

26

27

28          [1] By order filed March 27, 2023, the Court took the matter under submission.

United States District Court
Northern District of California

"less than reasonably equivalent value" (see SAC ¶ 233),[2] "put the Patents . . . beyond Super Lighting's reach and delayed, hindered, and impeded its ability to enforce its arbitration award and [j]udgment" against Lunera (see SAC ¶ 236).  Based thereon, Super Lighting seeks equitable relief and damages.  (See SAC ¶ 239.)

By order filed December 2, 2022 ("December 2 Order"), the Court granted in part and denied in part Signify's Motion to Dismiss the First Amended Verified Complaint ("FAC") to the extent it alleged a claim against Signify for "Actual and Constructive Fraudulent Transfer of Patents."  In particular, the Court granted the motion to the extent such claim was based on constructive fraudulent transfer of the Patents, and denied the motion in all other respects.  (See December 2 Order at 9:19-22.)  In so ruling, the Court found Super Lighting "ha[d] not pled facts establishing the actual market value of the [P]atents" (see December 2 Order at 8:15-16), and that Super Lighting's "conclusory assertion" that the consideration Lunera received for the Patents was "less than reasonably equivalent value" did not, "absent factual support . . . suffice for purposes of pleading its [constructive fraudulent transfer] claim" (see December 2 Order at 8:18-26 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))).

Thereafter, Super Lighting, with leave of Court, filed the SAC, in which Super Lighting now adds a description of the Patents, namely, that "Lunera's Patents fall into two categories—structure and circuit—and were used in three categories of Lunera products (i) place-in-lamps; (ii) high intensity discharge lamps; and (iii) linear lighting," and, as to value, now alleges:

> Lunera's internal financial and operating data, including Lunera's own financial statements and historical sales and projections, as well as several industry factors relevant to the Patents such as licensing, remaining patent life, and projected segment revenue growth, establish that the Patents had

---

[2] Super Lighting alleges the Patents were sold to defendant Tynax, Inc. ("Tynax"), a broker that "acquir[ed] the Patents on behalf and at the request of Signify" for $125,000 (see SAC ¶ 161) and, on the same day, "transferred the Patents to Signify in exchange for $160,000 ($125,000 purchase price, plus a $35,000 commission to Tynax) pursuant to an IP Transfer Agreement" (see SAC ¶ 168).

United States District Court
Northern District of California

an actual fair market value of between $5.5 million and $6.9 million on January 18, 2019, the date of their transfer.

(See SAC ¶¶ 162; see also SAC ¶ 110.)  By the instant motion, Signify argues Super Lighting has failed to cure the deficiency noted by the Court in its previous order of dismissal, in that Super Lighting again fails to plead facts plausibly supporting the alleged market value of the Patents.  As set forth below, the Court agrees.

The pleading requirements for fraudulent transfer under DUFTA and CUVTA are identical. See In re PennySaver USA Publ'g, LLC, 602 B.R. 256, 267 (Bankr. Del. 2019). Under either statute, to state a claim for constructive fraudulent transfer, a plaintiff must allege that a "debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or . . . became insolvent as a result of the transfer or obligation." See 6 Del. C. Section 1305(a); Cal. Civ. Code Section 3439.05(a); see also Lachapelle v. Kim, 2015 WL 7753235, at *7 (N.D. Cal. Dec. 2, 2015) ("[A]t its core, a constructive fraudulent transfer claim has two elements: reasonable equivalent value and insolvency." (internal quotation and citation omitted)).[3]

"Determining reasonable equivalence requires case-by-case adjudication, which depends on all the facts of each case, an important element of which is market value."  In re BMT-NW Acquisition, LLC, 582 B.R. 846, 858 (Bankr. D. Del. 2018) (internal quotation and citation omitted).  Although, as the Court noted in its December 2 Order, a complaint, "[a]t the pleading stage, . . . need only include allegations specifying in detail the date of the transfer, the amount of the consideration received, and the alleged value of the asset on the date of the transfer" (see December 2 Order at 8:9-12 (citing In re AstroPower Liquidating Tr., 335 B.R. 309, 333-34 (Bankr. D. Del. 2005))), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face," see Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly

---

[3] Here, as before, the parties do not dispute Super Lighting's insolvency at the time of the transfer at issue.

1   550 U.S. 544, 570 (2007)).  Here, as discussed below, the SAC is devoid of such factual

2   matter.

3          To the extent Super Lighting now alleges the $5.5 million - $6.9 million valuation

4   range ascribed to the Patents derives from Lunera's "financial statements and historical

5   sales and projections" (see SAC ¶¶ 110, 162), it has not alleged specific data obtained

6   therefrom, let alone how any such figures are relevant to patent valuation.  Similarly, to

7   the extent Super Lighting now alleges the valuation range derives from "industry factors

8   relevant to the Patents such as licensing, remaining patent life, and projected segment

9   revenue growth" (see SAC ¶ 162), the SAC again lacks factual elaboration,[4] see, e.g., In

10  re SCI Real Estate Investments, LLC, 2013 WL 1829648, at *6 (C.D. Cal. May 1, 2013)

11  (finding "[c]omplaint fail[ed] to state a plausible claim to recover a constructive fraudulent

12  transfer" where complaint lacked sufficient "facts forming the basis for [asset's]

13  valuation").

14         Accordingly, to the extent the sole claim against Signify is based on constructive

15  fraudulent transfer of the Patents, it is again subject to dismissal.  See In re Gilead

16  Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008) (holding "the Court [is

17  not] required to accept as true allegations that are merely conclusory, unwarranted

18  deductions of fact, or unreasonable inferences"). The Court will, however, afford Super

19  Lighting a further opportunity to amend to add factual allegations that suffice to support a

20  finding that the Patents were not transferred by Lunera to Signify for reasonably

21  equivalent value.

22  / /

23  / /

24  _____

25          [4] In its opposition, Super Lighting asserts it "engag[ed] outside experts to perform
    a preliminary valuation of the [P]atents."  (See Opp. at 1:17.)  The SAC, however, makes
26  no mention of such experts, let alone any of their findings.  See Schneider v. California
    Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (holding district court, "[i]n
27  determining the propriety of a Rule 12(b)(6) dismissal, may not look beyond the complaint
    to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's
28  motion to dismiss").

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, Signify's motion to dismiss the SAC is hereby GRANTED, and the SAC is hereby DISMISSED with leave to amend.  If Super Lighting wishes to file a Third Amended Complaint, it shall do so no later than May 12, 2023.

**IT IS SO ORDERED.**

Dated: April 26, 2023

MAXINE M. CHESNEY
United States District Judge